UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NEFF REALTY, LLC, *Plaintiff,* | ) | |
| *vs.* | ) | 1:15-cv-01430-JMS-MJD |
| ALLIED PROFESSIONAL INSURANCE COMPANY, A RISK RETENTION GROUP, INC., *Defendant.* | ) | |

**ORDER**

Presently pending before the Court, among other motions, is Plaintiff Neff Realty, LLC's ("Neff") Motion for Remand. [Filing No. 14.]

**I.**
**BACKGROUND**

Defendant Allied Professional Insurance Company, A Risk Retention Group, Inc. ("APIC") is a Garnishee-Defendant in a state court lawsuit titled *Neff Realty, LLC v. Karen Buckner d/b/a Body Wrapture et al.*, Case No. 49D04-1403-PL-008280 (Marion County Superior Court) (the "State Court Action"). [Filing No. 1 at 1-2.] APIC became a Garnishee-Defendant in the State Court Action when Neff obtained a default judgment against Karen Buckner, and then named APIC in a Verified Motion for Proceedings Supplemental ("Verified Motion") filed on June 22, 2015. Neff named APIC as a Garnishee-Defendant because Ms. Buckner has an insurance policy with APIC. APIC characterizes the proceeding initiated by Neff against it in the State Court Action as a "Proceeding Supplemental." [*See, e.g.*, Filing No. 1 at 2.]

On September 10, 2015, APIC removed only the portion of the State Court Action relating to the proceeding supplemental to this Court. [Filing No. 1.] Neff now seeks to remand this matter to the Marion County Superior Court. [Filing No. 14.][1]

## II.
## STANDARD OF REVIEW

28 U.S.C. § 1446 provides that:

> **(a) Generally.** – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.** – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Failure to timely remove a case is a procedural defect, rather than a jurisdictional one, but results in remand unless waived by the plaintiff. *Macri v. M & M Contractors, Inc.*, 897 F.Supp. 381, 383-84 (N.D. Ind. 1995) ("The thirty-day time limit for removal imposed by § 1446(b), while not jurisdictional, is a strictly construed rule of procedure, and failure to comply with this rule is ground for remand, absent waiver") (citing *Northern Illinois Gas Co. v. Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).

---

[1] The Court issued an Order to Show Cause on September 16, 2015, requiring APIC to show cause why the Court should not remand this matter to the Marion County Superior Court based on Seventh Circuit Court of Appeals case law that 28 U.S.C. § 1441(a) only allows removal of independent suits, and not of ancillary or supplementary proceedings. [Filing No. 9.] Because the parties addressed this issue in connection with Neff's Motion to Remand, the Court **DISCHARGES** the Order to Show Cause, [Filing No. 9].

## III.
## DISCUSSION

Neff sets forth two arguments in support of its Motion to Remand: (1) that APIC has not timely removed this case; and (2) that APIC cannot remove this matter because it is a proceeding supplemental to the State Court Action, and not a separate and distinct action. [Filing No. 15 at 5-9.] Because it is dispositive, the Court will consider the timeliness issue first.

### A. Whether APIC Timely Removed This Matter

Neff argues in its Motion to Remand that APIC did not timely remove this matter because it properly served the Verified Motion and Summons on APIC on June 29, 2015, and APIC did not file its Notice of Removal until September 10, 2015 – well after the thirty-day period provided for in 28 U.S.C. § 1446(b)(1). [Filing No. 15 at 5-6.]

APIC argues in response that it did not receive a copy of the Verified Motion and Summons until August 28, 2015, when it received a letter from Neff's counsel to APIC's counsel which enclosed the Verified Motion and Summons. [Filing No. 20 at 17.] APIC argues aggressively that Neff did not serve its registered agent because it served the Verified Motion and Summons on James Atterholt at the Indiana Department of Insurance and "Atterholt has not been associated with the Indiana Department of Insurance since 2009." [Filing No. 20 at 18.] APIC asserts that "[o]n June 29, 2015, James Atterholt was not the Commissioner of the Indiana Department of Insurance, and he had not been for over 6 years," and that "[t]herefore, he had not been APIC's agent for service of process in Indiana for over 6 years." [Filing No. 20 at 19.] APIC contends that Neff should have taken certain steps to ensure that APIC received the Verified Motion and Summons, including: (1) calling the Indiana Department of Insurance to verify that Mr. Atterholt was still APIC's registered agent; (2) addressing the Verified Motion and Summons to the "Com-

missioner," rather than specifically to Mr. Atterholt; and (3) "look[ing] to see whether James Atterholt was still connected with or employed by the Department of Insurance." [Filing No. 20 at 19.] APIC concludes that "any errors that were made, by [Neff] or by the Indiana Department of Insurance, can in no way be fairly or justly held against APIC. Through no fault of APIC's, neither APIC nor any of APIC's employees, counsel, or agents for service received the Verified Motion and Summons before August 28, 2015." [Filing No. 20 at 19-20.] Therefore, APIC argues, it timely removed this matter on September 10, 2015. [Filing No. 20 at 20.]

On reply, Neff argues that APIC was required by Indiana statute to appoint a registered agent, and that APIC designated Mr. Atterholt. [Filing No. 23 at 2-3.] Accordingly, Neff argues, it properly served the Verified Motion and Summons on APIC on June 29, 2015. [Filing No. 23 at 3-5.]

Indiana Code § 27-1-17-4 provides that in order to conduct an insurance business in Indiana, an insurance company must present to the Indiana Department of Insurance:

> A duly executed power of attorney in a form prescribed by the department which constitutes and appoints an individual or a corporate resident of Indiana, or an authorized Indiana insurer, as the insurance company's agent, its true and lawful attorney upon whom…all lawful processes in any action in law or in equity against it shall be served. Such power of attorney shall contain an agreement by the insurance company that any lawful process against it which may be served upon the agent as its attorney shall be of the same force and validity as if served upon the insurance company and that such power of attorney shall continue in force and be irrevocable so long as any liability of the insurance company remains outstanding in this state.

Ind. Code § 27-1-17-4(7).

Neff describes its service upon APIC as follows:

> Pursuant to Indiana Rules of Trial Procedure, Rules 69(E) and 5, service was made upon APIC through the Marion County Clerk's Office. The Marion County, Indiana Clerk of Courts mailed a copy of [Neff's] June 22, 2015 [Verified Motion and Summons] on June 24, 2015…. The United State[s] Postal Service delivered the

>   [Verified Motion and Summons] to APIC's registered agent, at his address of record, on June 29, 2015….

[Filing No. 15 at 3.]  Neff provides copies of the "Clerk's Certificate of Mailing" dated June 24, 2015, United States Postal Service tracking information, and the United States Postal Service Certified Mail Receipt.  [Filing No. 15-12.]

APIC does not dispute that this type of service is adequate under the Indiana Rules of Trial Procedure, instead arguing only that the Verified Motion and Summons should not have been directed to Mr. Atterholt because he was no longer associated with the Indiana Department of Insurance at the time of service.  But APIC ignores the fact that APIC itself designated Mr. Atterholt as its registered agent pursuant to Ind. Code § 27-1-17-4(7).  Further, APIC does not argue that it ever changed that designation after Mr. Atterholt left the Indiana Department of Insurance.  [*See* Filing No. 20 at 17-20.]  Indeed, the Court notes that Mr. Atterholt is still designated as APIC's registered agent on the Indiana Department of Insurance website, despite APIC's adamant arguments in this action that he is no longer associated with the Department.  *See* http://www.in.gov/cgi-bin/idoi/ssDisplay.pl?file=ra&letter=a (last viewed October 28, 2015) (listing the registered agent for APIC as James Atterholt at 311 W. Washington St., Suite 300, Indianapolis, IN 46204).

The Court rejects APIC's attempts to blame Neff for some sort of service misstep.  APIC cites no statute or case law that required Neff to verify the timeliness or accuracy of APIC's registered agent designation with the Department of Insurance, address the Verified Motion and Summons more generally to "Commissioner," or double-check to see whether Mr. Atterholt was still associated with the Indiana Department of Insurance.  Designation of a registered agent was a condition of APIC's license to do business in Indiana, and Neff was entitled to rely on APIC's designation.  Indeed the Court could imagine APIC quarreling about service if Neff had designated

anyone else. In sum, APIC has an obligation under Ind. Code § 27-1-17-4(7) to designate a registered agent, and its failure to update that information when Mr. Atterholt left the Indiana Department of Insurance so that it could receive service of process is no one's fault but its own.

The Court finds that Neff properly effectuated service of the Verified Motion and Summons on APIC on June 29, 2015, through service on its designated registered agent, James Atterholt. Thus, APIC had thirty days from June 29, 2015 – or until July 29, 2015 – to remove the Verified Motion to this Court. Because it did not file its Notice of Removal until September 10, 2015, [Filing No. 1], its removal was untimely and this case must be remanded pursuant to 28 U.S.C. § 1447(d).[2]

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Neff's Motion to Remand, [Filing No. 14], and **REMANDS** this matter to the Marion County Superior Court. All other pending motions, including: (1) APIC's Motion to Dismiss, and in the Alternative, to Quash and Compel Arbitration, [Filing No. 10]; (2) APIC's Motion to Stay Proceedings Pending Resolution of the Court's Order to Show Cause, or in the Alternative, for Additional Time to Respond to Pending Motions, [Filing No. 12]; and (3) APIC's Motion for Jurisdictional Statement, [Filing No. 19], are **DENIED AS MOOT**.

Date: October 28, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

[2] Because the Court has concluded that APIC did not timely remove this case, it need not consider Neff's other argument in support of its Motion to Remand – that this matter does not constitute a separate and distinct action from the State Court Action.